# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

DAVID E. SCHEURICH,                                                      PLAINTIFF
M53661

V.                                1:17CV00054-DPM-JTK

L. GARRIOTT                                                           DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.     Why the record made before the Magistrate Judge is inadequate.

    2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.     The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Scheurich, an inmate confined at the Southwestern Illinois Correctional Center, East St. Louis, Illinois, filed this pro se 42 U.S.C. § 1983 action, seeking monetary relief against Defendant for participating in Plaintiff's alleged unlawful extradition from Cleburne County, Arkansas, to the State of Illinois (Doc. No. 2). Plaintiff also claims Defendant threatened to stun him if he did not willingly accompany Illinois representatives. (Id.)

Having reviewed Plaintiff's Complaint, the Court finds Plaintiff's excessive force allegation should be dismissed with prejudice, for failure to state a claim upon which relief may be granted, and that the remainder of his claims be dismissed without prejudice.

### I.    Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

2

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the Plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). However, regardless whether a plaintiff is represented or appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's opinion in Ashcroft v. Iqbal, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." 556 U.S. 662, 678, (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. at 556-7.

**II.     Facts and Analysis**

According to his Complaint, in July, 2015, Judge Lance Wright of the District Court of

3

Cleburne County, ordered that Plaintiff not be extradited to Illinois prior to a hearing. However, Defendant Garriott forceably transferred Plaintiff to the custody of Illinois representatives in August, 2015. Garriott and another officer also threatened to use their stun guns on Plaintiff if he refused to accompany the Illinois representatives, despite Plaintiff's claim that such violated Judge Wright's order. Plaintiff claims Garriott violated his constitutional rights and the Uniform Criminal Extradition Act, and that he used excessive force.

These same allegations are the subject of a prior lawsuit Plaintiff filed in this district against the Sheriff of Cleburne County. Scheurich v. Roberson, 1:16CV00102-JM-PSH. In that case, Plaintiff complained about the illegal extradition and Sheriff Roberson's willingness to allow the Illinois authorities to transport him. Currently pending in that case are the parties' summary judgment motions. "[A] court may abate a case 'where another suit, involving the identical issues, is pending either in federal or state court, and it would be duplicative, uneconomical and vexatious to proceed.'" In re Prempro Prod Liab. Litig., No. 4:09CV00104, 2009 WL 331313 *2 (E.D.Ark. 2009) (quoting Blinder, Robinson & Co., Inc. v. U.S.S.E.C., 692 F.2d 102 (8th Cir. 1982)). In this case, Plaintiff's allegations that his extradition violated his constitutional and statutory rights are identical to the allegations against Sheriff Roberson. The only difference in this case is the identity of the party he is suing (in Roberson, Plaintiff sued the Sheriff; in this case, he sued an officer). And the only different allegation in this case – that Defendant Garriott used excessive force when he threatened to stun Plaintiff – does not state a constitutional claim for relief. "Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim." King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir. 1997) (quoting Hopson v. Fredericksen, 961 F.2d 1374, 1378 (8th Cir. 1992)). A "threat constitutes an actionable constitutional violation [under

1983] *only* when the threat is so brutal or wantonly cruel as to shock the conscience" or "if the threat exerts coercive pressure on the plaintiff and the plaintiff suffers the deprivation of a constitutional right." Id.  Defendant Garriott's threat to use a stun gun on Plaintiff do not rise to the level of a "brutal" and "wanton act of cruelty."  See Hopson, 961 at 1379.  Therefore, the Court finds as a matter of law that this allegation fails to support a claim for excessive force.

Once this allegation against Garriott is dismissed, the extradition allegation against him becomes identical to that alleged against Defendant Roberson.  Therefore, the Court finds the present Complaint should be dismissed without prejudice, with leave to reopen as to the extradition claim if Plaintiff prevails in the Roberson action.  This Court's decision also is affected by the fact that two Illinois courts also have addressed similar allegations concerning the same incident against the Champaign County Sheriff, Dan Walsh, and the transporting officers. See Scheurich v. Champaign County Sheriff's Office, et al., 16-cv-2253 (C.D.IL January 17, 2017), and Scheurich v. Does, No. 16-cv-876-JPG, S.D.IL (March 28, 2017).  In the first case, the Court held that the Illinois Sheriff could not be held liable for the extradition, since Plaintiff's custody was supported by a valid conviction, and that Plaintiff's claim was barred by Heck v. Humphrey, 512 U.S.477 (1994). In the second suit, the Court likewise held that Plaintiff's extradition and false imprisonment claims were barred by Heck.

### III.     Conclusion

IT IS, THEREFORE, RECOMMENDED that:

1.     Plaintiff's excessive force claim against Defendant Garriott be DISMISSED with prejudice for failure to state a claim.

2.     Plaintiff's improper extradition claims be DISMISSED without prejudice, subject

to re-open should Plaintiff prevail in Scheurich v. Roberson.

    IT IS SO RECOMMENDED this 11th day of October, 2017.

    _____
    JEROME T. KEARNEY
    UNITED STATES MAGISTRATE JUDGE